Julia E. Rogers, Respondent, v. The Trustees of the New York and Brooklyn Bridge, Appellants.—Motion for leave to appeal to the Court of Appeals granted.

Mary B. Train, Respondent, v. George L. Davidson, Appellant.—Appeal dismissed, without costs.

Henry F. Closius, Respondent, v. Herman Reiners, Appellant.—Interlocutory judg-

ment reversed and demurrer sustained, with disbursements merely, with leave to the plaintiff to amend the complaint on payment of such disbursements. Decided on opinion of Bradley, J., in *Eva Closius* v. *Same Defendant*. (See *ante*, p. 163.)

Joseph Ricca, Respondent, v The Third Avenue Railroad Company, Appellant.—Judgment and order unanimously affirmed, with costs. No opinion.

## First Department, January Term, 1897.

George Einstein, Appellant, v. Climax Cycle Company, Defendant. Eli M. Cohen, Junior Attaching Creditor, Respondent. — Order affirmed, with ten dollars costs and disbursements.—

Per Curiam: This is a motion made by a junior attaching creditor to set aside an attachment procured by the plaintiff. The ground upon which the attachment was vacated was the insufficiency of the affidavit upon which it was granted. That affidavit was made by the assignee of the claim sued upon, and he asserted the facts constituting the cause of action to be within his own knowledge, but did not disclose his means of knowledge nor give any information as to how that alleged knowledge was obtained. The case, therefore, comes within the ruling made in *Hoormann* v. *Climax Cycle Co*. (9 App. Div. 579), and the order should be affirmed, with costs. Present — Van Brunt, P. J., Barrett, Rumsey, Williams and Patterson, JJ.

Edward V. Loew, Respondent, v. Sebastian Christ, Appellant, Impleaded with Another. —Judgment affirmed, with costs, with leave to defendant to withdraw demurrer and answer over on payment of costs in this court and in the court below.—

Per Curiam: The c se of *Thompson* v. *Whitmarsh* (100 N. Y 35) holds distinctly that when an administrator has made a contract in regard to the property of the estate he may sue in his own name individually to enforce it. Much more is this the case when, as here, he has contracted in regard to the real estate of his intestate, with which he has officially no concern. In that case the contract affects him personally only, and he can sue on it only in his individual capacity; The judgment should be affirmed, with costs, with leave to defendant to withdraw demurrer and answer over on payment of costs in this court and in the court below. Present —Van Brunt, P. J., Barrett, Rumsey, Williams and Patterson, JJ.

Charles Mulford and Others, Appellants, v. David N. Gibbs, Respondent.—Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, the amount of fine to be imposed to be fixed on settlement of order.—

Per Curiam: On the former appeal from an order denying a motion to punish this judgment debtor for contempt, this court reversed such order, and in the opinion it was stated that the motion was granted. (9 App. Div. 490.) The order of the court sending back the matter to the Special Term adopted this course for the purpose of carrying into effect the decision, namely, to grant the motion to punish the defendant for contempt, and not to deny such motion. The order that was entered at Special Term denying the application must have been from a misapprehension on the part of the learned court as to the effect of our decision. The question

presented below was the same that was before us on the former appeal; and the court below should have granted the motion, adjudged the defendant debtor in contempt, and imposed a fine sufficient to compensate the plaintiff for the injury sustained through the violation by the judgment debtor of the injunction order. The order appealed from is, therefore, reversed, with ten dollars costs and disbursements, and the motion to punish the judgment debtor for contempt is granted, with ten dollars costs, the amount of the fine to be imposed to be fixed upon the settlement of the order. Present — Van Brunt, P. J., Barrett, Rumsey, O'Brien and Ingraham, JJ.

Dorothea R. Christ, Respondent, v. The Third Avenue Railroad Company, Appellant.— Order modified, as directed in opinion in *Beekman* v. *The Same Defendant* (see *ante*, p. 279), decided herewith, and, as thus modified, affirmed, without costs to either party.—

Per Curiam: The facts in this case are substantially the same as those presented and passed upon in the case of *Beekman* v. *The Same Defendant* at this term (see *ante*, p. 279), and this case is necessarily determined by the result of that. Present —Van Brunt, P. J., Barrett, Rumsey, Williams and Patterson, JJ.